UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Brian M. Haase,<br><br>   Plaintiff,<br><br>v.<br><br>LCS Consulting Group, LLC, a foreign limited liability company.<br><br>   Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff Brian M. Haase, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Brian M. Haase ("Plaintiff"), is an adult individual residing in Baxter, Minnesota, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

4. The Defendant, LCS Consulting Group, LLC ("LCS"), is a California business entity with an address of 16800 Aston, Suite 275, Irvine, CA 92606, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by LCS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. LCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor"). Namely US Bank, N.A., for overdrafts from Plaintiff's personal checking account.

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to LCS for collection, or LCS was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **LCS Engages in Harassment and Abusive Tactics**

11. Within the last year, LCS began contacting Plaintiff in an attempt to collect the Debt.

12. On or about March 23, 2021, despite having Plaintiff's correct phone number, LCS contacted Plaintiff's brother, who is not responsible for repayment of the Debt.

13. LCS left a voicemail for Plaintiff's brother that they were with the county courier's office and that they needed to confirm the property address for a legal matter pending against Brian Haase and that it is important for Brian Haase to contact the caller.

14. LCS wrongfully provided information to Plaintiff's brother unrelated to location information for Plaintiff.

15. Additionally, LCS disclosed to Plaintiff's brother that there was a pending legal claim against Brian Hasse, when no such legal claim was pending.

16. LCS's statement that there was a pending legal claim against Brian Haase is misleading because neither LCS or any other agent has filed a legal claim regarding the US Bank debt to date.

17. After receiving numerous collection calls from LCS threatening legal action, Plaintiff did research and learned that the statute of limitations may be a defense available to Plaintiff under the circumstances.

18. During a conversation with an LCS agent, Plaintiff mentioned the statute of limitations regarding the debt. The LCS agent informed Plaintiff that:

Unfortunately, this is a bank account and [the statute of limitations] does not apply

sir. When it is with the Federal Reserve. This is not a line of credit or a credit card. So, you can state that if you like. I will go ahead and make a notation of that and once you receive your Complaint you can file a response.

19. LCS's statement that the statute of limitations does not apply because the debt is "with the Federal Reserve" is false and misleading as the debt was at no time "with the Federal Reserve."

20. LCS's actions caused Plaintiff a great deal of stress, anxiety, and humiliation.

C. **Plaintiffs Suffered Actual Damages**

21. The Plaintiff has suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants

4

engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3);

4. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

Dated: Aug. 4, 2021

Respectfully submitted,
**ATLAS LAW FIRM, LLC**

By: **s/Michael J. Sheridan**
Michael J. Sheridan, (#0388936)
2006 First Avenue North, Suite 206
Anoka, Minnesota 55303
Telephone: (763) 568-7343
Facsimile: (763) 400-4530
msheridan@atlasfirm.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF CROW WING     )

Plaintiff Brian M. Haase, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to *my* attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Brian M. Haase

Subscribed and sworn to before me
this _3_ day of _September_, 2021.

Amanda Xiong
Notary Public - Minnesota
My Commission Expires 01-31-2024

_____
Notary Public